FILED
7/31/20 9:40 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 19-23860-GLT |
| **JEREMIAH D. YATES,** and **KIMBERLY R. YATES,** | Chapter 13 |
| | Regarding Dkt. Nos. 2 and 38 |
| *Debtors*. | |

**ORDER (A) CONFIRMING PLAN SOLELY ON AN INTERIM BASIS,
(B) SCHEDULING A CONCILIATION CONFERENCE, (C) CONDITIONALLY
GRANTING MOTION TO DISMISS, (D) ESTABLISHING A DEADLINE FOR AN
AMENDED PLAN, AND (E) SETTING AFFIDAVIT OF DEFAULT PROCEDURES**

The Court conducted a contested confirmation hearing on July 29, 2020 to consider the Debtors' chapter 13 plan dated October 2, 2020 as well the chapter 13 trustee's *Oral Motion to Dismiss Case* which was opposed by the Debtors, Jeremiah and Kimberly Yates.[1]  At the time the trustee requested dismissal, the Debtors' plan was allegedly in arrears by approximately $9,800.

During the hearing, the Debtors reported that Mr. Yates secured new employment and would be able to resume ongoing plan payments through a wage attachment.  They also believe they can propose a feasible plan by utilizing an 84-month plan term under the CARES Act.  Although the current plan does not appear to be feasible and the Debtors have not yet satisfied all of the requirements necessary for confirmation under 11 U.S.C. § 1325, the trustee is nonetheless in possession of funds capable of being distributed in accordance with the plan terms on an interim basis.  Accordingly, the Court finds it reasonable and appropriate to authorize interim distributions under the plan, strictly as a means of providing adequate protection for creditors.

---

[1] Dkt. Nos. 2, 38, 42.

Based on the foregoing and for the reasons stated on the record, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Debtors' *Chapter 13 Plan Dated 10/02/19* [Dkt. No. 2] is confirmed solely on an interim basis and only as a form of adequate protection. The trustee is authorized to make distributions to secured and priority creditors with percentage fees. A **final plan conciliation conference** will be held with the chapter 13 trustee via Zoom (go to www.ch13pitt.com or email meetings@chapter13trusteewdpa.com for participation instructions) on **September 24, 2020 at 9 a.m.**[2]

2. Based on the Debtors' prior plan defaults, the trustee's *Oral Motion to Dismiss Case* [Dkt. No. 38] is **CONDITIONALLY GRANTED** (according to the terms set forth in ¶ 3 below) to the extent any additional defaults arise in the future.

3. On or before **August 28, 2020**, the Debtors shall:

    (a)    file an amended chapter 13 plan;

    (b)    file amended schedules I and J; and

    (c)    shall make a plan payment of no less than $1,444, and submit a timely payment in the same amount each month thereafter (pending further Court Order).

4. If the Debtors do not timely comply with all of the items in ¶ 3, the Court may dismiss the case without prejudice and without further notice or hearing upon the filing of an affidavit of non-compliance by the chapter 13 trustee. This affidavit of default procedure shall remain in effect until such time as the Court enters a final confirmation order regarding the Debtors' chapter 13 plan.

---

[2]    Please note this date and time is different from the date announced in open court on July 29, 2020.

5. To the extent the Debtors timely file an amended chapter 13 plan as provided in ¶ 3, then:

    a. On or before **September 13, 2020**, any creditor or party in interest who objects to the plan shall file a written objection and serve it upon the Debtors, the chapter 13 trustee, and any creditor whose claim is the subject of the Objection. Objections which are not timely filed will not be considered; and

    b. On **September 24, 2020 at 9 a.m.**, a conciliation conference on the amended plan will be conducted by the chapter 13 trustee via Zoom (visit www.ch13pitt.com or email meetings@chapter13trusteewdpa.com for instructions). If the parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the chapter 13 trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

6. The Debtors shall **immediately** serve a copy of this *Order* on the chapter 13 trustee and all parties in interest and file a certificate of service within three business days.

Dated: July 30, 2020

                                        GREGORY L. TADDONIO
                                        UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtors

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Jeremiah D Yates  
Kimberly R Yates  
        Debtors

Case No. 19-23860-GLT  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: agro      Page 1 of 1      Date Rcvd: Jul 31, 2020  
                                 Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 02, 2020.  
db/jdb         +Jeremiah D Yates,    Kimberly R Yates,    2100 Brady Place,    Bethel Park, PA 15102-2120

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                   TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2020                                                                  Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 31, 2020 at the address(es) listed below:

         James Warmbrodt    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com  
         Jeffrey R. Hunt    on behalf of Creditor    Municipality of Bethel Park/Bethel Park School District  jhunt@grblaw.com, cnoroski@grblaw.com  
         Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com  
         Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
         Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
         S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com  
         Shawn N. Wright    on behalf of Joint Debtor Kimberly R Yates shawn@shawnwrightlaw.com, wrightshawn@hotmail.com;wrightshawn49@gmail.com;wrightshawnecf@gmail.com;molly@shawnwrightlaw.com  
         Shawn N. Wright    on behalf of Debtor Jeremiah D Yates shawn@shawnwrightlaw.com, wrightshawn@hotmail.com;wrightshawn49@gmail.com;wrightshawnecf@gmail.com;molly@shawnwrightlaw.com  
                                                                                                        TOTAL: 8